## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LADEL B.[1]                          )
                                     )
              Plaintiff,             )
                                     )
vs.                                  )   Civil No. 3:25-cv-01797-GCS
                                     )
COMMISSIONER of SOCIAL               )
SECURITY,                            )
                                     )
              Defendant.             )

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, through counsel, seeks judicial review of the final agency decision denying his application and Supplemental Security Income. ("SSI").[2]

### PROCEDURAL HISTORY

On September 27, 2021, Plaintiff filed an application for SSI alleging a disability due to bipolar disorder and anxiety disorder. Initially, the claim was denied on April 19, 2023. Thereafter, Plaintiff requested review from the Appeals Council. On February 12,

---

[1] Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 10).

2024, the Appeals Council remanded the claim directing the Administrative Law Judge ("ALJ") to re-evaluate the medical evidence. After holding an evidentiary hearing via online video on June 27, 2024, the ALJ denied the application on July 23, 2024. (Tr. 15-27). On July 17, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. (Tr. 1). Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

## ISSUE RAISED BY PLAINTIFF

Plaintiff raises the following issue: The ALJ erred in evaluating the medical opinions.

## APPLICABLE LEGAL STANDARDS

"The [SSA] provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)); *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20

C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *See Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); *Fetting v. Kijakazi,* 62 F.4th 332, 336 (7th Cir. 2023) (citations omitted).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether or not Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Jarnutowski v. Kijakazi,* 48 F.4th 769, 773 (7th Cir. 2022) (citations omitted). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103; *Pufahl v. Bisignano,* 142 F.4th 446, 454 (7th Cir. 2025) (citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Pufahl,* 142 F.4th at 454 (citations omitted). While judicial review is deferential, it is not abject; the Court does not act as a rubber stamp for the Commissioner. *See Stephens*, 888 F.3d at 327

(citations omitted).

## THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He determined Plaintiff had not worked at the level of substantial gainful activity since September 27, 2021, the application date. The ALJ found Plaintiff had the following severe impairments: bipolar disorder, depression, and anxiety disorder. (Tr. 17).

The ALJ found Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to having no more than occasional interactions with coworkers and supervisors in a work setting that does not require interaction with the general public." (Tr. 20). Thus, the ALJ found Plaintiff was not disabled.

## THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in preparing this Memorandum & Order. The Court finds the ALJ's summary of the record, when compared with the point raised by Plaintiff, to be sufficiently comprehensive and need not be restated.

## DISCUSSION

Plaintiff argues that the ALJ's evaluation of the medical opinions is not supported by substantial evidence. First, Plaintiff argues the ALJ should have sought clarification from the State agency doctors before finding them unpersuasive. Specifically, Plaintiff contends the State agency doctors' reports make it clear that they considered other evidence, not only evidence belonging to a different client, in rendering their conclusions.

The Court agrees the ALJ did not adequately explain his assessment of the medical opinions regarding the State agency doctors. Based on the foregoing, the Court finds that remand is required for a proper evaluation of the medical opinions.

The ALJ must evaluate medical opinions primarily through the factors of supportability and consistency and must explain how those factors were considered. *See, e.g.*, *Bakke v. Kijakazi*, 62 F.4th 1061, 1067 (7th Cir. 2023) (stating that "Section 404.1520c(c) requires ALJs to explicitly explain why particular medical opinions are consistent with the record as a whole."). The explanation must build a logical bridge from the evidence to the conclusion and be sufficient to permit meaningful judicial review. *See Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024). It is not enough to label an opinion "unsupported" or "inconsistent" without explaining why, nor may the ALJ rely on a selective discussion of the record. 20 C.F.R. § 404.1520c(b)(2); *see Bakke*, 62 F.4th at 1067.

As to the State agency doctors' opinions, the ALJ found:

The State agency reviewing psychological consultant at the initial level concluded that the claimant had a moderate limitation in interacting with others, and mild limitation in all other areas of mental functioning (Ex. 2A). On reconsideration, the State agency reviewing psychological consultant found the claimant was moderately limited in understanding, remembering, or applying information, interacting with others, concentrating, persisting or maintaining pace, and adapting or managing himself (Ex. 4A). However, neither of these opinions are persuasive because they both relied extensively upon a consultative examination that did not belong to this claimant and has been since redacted from the record, including a diagnosis for schizophrenia not found in claimant's overall record (Ex. 5F redacted). Moreover, neither psychological consultant mentioned the consultative examination findings that did actually pertain to the claimant (See Ex. 4F). Accordingly, the opinions of the State agency's psychological consultants are tainted by this and have no persuasive value.

Page **5** of **8**

(Tr. 24). Ultimately, the ALJ found consultative psychological examiner Dr. James Lane's

opinion generally persuasive and relied on his opinion. (Tr. 24, 25). Specifically, the ALJ

held:

> Consultative psychological examiner James Lane, Ph.D., examined the claimant on March 9, 2022, and opined that the claimant had no limitation in understanding, remembering, or applying information, moderate limitation with interacting with others, and no limitation in concentrating, persisting, maintaining pace, or adapting or managing oneself (Ex. 4F). Dr. Lane does not cite to objective medical evidence or offer supporting explanation in setting out the 'no limitation' findings for understanding, remembering, or applying information, concentrating, persisting or maintaining pace or adapting or managing oneself, or for moderate limitation in interaction with others. The undersigned acknowledges that Dr. Lane's findings for 'no limitation' in these areas is inconsistent with the 'impaired' findings in the treatment records, which will be further discussed below. However, Dr. Lane's opinion is consistent with more detailed findings within his examination. Thus, considering the supportability and consistency factors along with other factors, Dr. Lane's opinion is generally persuasive insofar it supports there being no significant limitations other than in the claimant's ability to interact with others, which is supported by his observations of the claimant's somewhat stammering speech and dysphoric, somewhat tense, and flat affect. Nevertheless, while a moderate limitation in interacting with others is persuasive, it is also somewhat imprecise, and it is reasonable to limit the claimant to no more than occasional interactions with coworkers and supervisors in a work setting that does not require interaction with the general public in order to put a moderate social limitation into vocationally relevant terms that is supported by the record. Although Dr. Lane's was a single examination/evaluation, it was performed in person and he did review the claimant's treatment records, including the treatment record examinations noting 'impaired' concentration, attention and memory.

(Tr. 24, 25).

The ALJ rejected both the State agency psychologists' findings because they relied

upon a misfiled examination of another claimant. However, the ALJ failed to evaluate the

rest of their findings that did not rely on the wrong exam, failed to evaluate the

consistency of their opinions with the entire record and failed to consider that both State

agency doctors found more limitations than he ultimately adopted. The Court finds these deficiencies require remand as the ALJ rejected their entire opinions due to one flawed piece of evidence despite these State agency doctors reviewing the various medical records in the file. (Tr. 75-77; 79-81). Further, it is possible without consideration of the wrong evidence, the State agency doctor's conclusions may still have been consistent with the entire record. Lastly, it appears the ALJ selectively credited Dr. Lane despite the contradictory findings the ALJ noted about Dr. Lane in his decision.

Thus, the ALJ's error requires remand. "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted).

This Memorandum & Order should not be construed as an indication that the Court believes Plaintiff was disabled during the relevant period or that he should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## CONCLUSION

The Commissioner's final decision denying Plaintiff's application for disability benefits and supplemental security income is **REVERSED** and **REMANDED** to the Commissioner for clarification of the State agency doctor's opinions, rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATED: May 26, 2026.**

Digitally signed by
Judge Sison
Date: 2026.05.26
16:04:32 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**